# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Youssouph Sirleaf, | Case No. 17-cv-4126 (DSD/HB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Secretary, Department of Homeland Security; Jefferson Sessions, Attorney General; Scott Baniecke, ICE Field Office Director; and Kurt Freitag, Freeborn County Sheriff; | |
| Respondents. | |

HILDY BOWBEER, United States Magistrate Judge

Petitioner Youssouph Sirleaf filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention pending removal [Doc. No. 1]. The petition was referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. Because Sirleaf was removed from the United States on April 17, 2018, the petition should be dismissed as moot.

## I.    Background

The Court incorporates by reference the full factual background section of its order of June 1, 2018. (Order at 1-3 [Doc. No. 18].) Briefly stated, through his § 2241 petition, Sirleaf sought to be released from immigration detention because he believed his removal was not significantly likely to occur in the reasonably foreseeable future. Based

on events and proceedings that began before the petition was filed and continued

thereafter, the Court acknowledged when it issued the June 1 order the likelihood that

Sirleaf's removal had already been effectuated.  The Court therefore ordered Respondents

to file a status update.

Respondents filed a supplemental response on June 15, 2018, advising the Court

that Sirleaf was removed from the United States on April 17, 2018.  (Suppl. Response at

1 [Doc. No. 19].)  They ask the Court to dismiss the petition as moot.

**II.    Discussion**

Under article III, section 2, of the United States Constitution, federal court

jurisdiction is limited "to actual, ongoing cases and controversies."  *Haden v. Pelofsky*,

212 F.3d 466, 469 (8th Cir. 2000).  "When, during the course of litigation, the issues

presented in a case lose their life because of the passage of time or a change in

circumstances . . . and a federal court can no longer grant effective relief, the case is

considered moot."  *Id.* (citation and quotation marks omitted).  Article III mootness

divests the Court of subject matter jurisdiction.  *See id.*  If a court determines that it lacks

subject-matter jurisdiction at any time during a case, the court must dismiss the action.

Fed. R. Civ. P. 12(h)(3).

Sirleaf's removal from the United States leaves nothing for the Court to grant by

way of habeas relief.  He is no longer in the custody of the U.S. Immigration and

Customs Enforcement (ICE), and as a result, the Court cannot order his release.  Any

such order would be ineffectual, and therefore, Sirleaf's habeas petition is moot.  *See,*

*e.g.*, *Ahmed v. Sessions*, No. 16-cv-2124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn.

July 11, 2017), *R. & R. adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017); *Mhanna v. U.S. Dep't of Homeland Sec. Citizenship & Immig. Servs.*, No. 10-cv-292 (JRT/LIB), 2010 WL 5141803, at \*12 (D. Minn. Dec. 13, 2010).

Before recommending dismissal of the petition based on mootness, however, the Court must determine whether any of the following exceptions to mootness exist:

> (1) secondary or "collateral" injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*See Ahmed*, 2017 WL 3267738, at \*2 (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002)).  The Court concludes that none of the exceptions apply in this case.  First, there are no surviving secondary or collateral injuries stemming from the allegedly prolonged detention, and any alleged injuries arising from the final order of removal itself are not cognizable in federal court.  *See id.*  Second, an allegedly unlawful period of immigration detention is unlikely to be repeated, given Sirleaf's removal from the United States.  *See id.*  Third, there is no reason to believe that Respondents acted purposely to deprive this Court of jurisdiction.  Rather, the record demonstrates that Respondents consistently have been trying to effect Sirleaf's removal since March 2017, months before the petition was filed.  Finally, the exception relating to class actions is plainly inapplicable, as the petition at hand contains a request for relief by an individual on his own behalf, not a request for relief on behalf of a class of individuals.  *See id.*

Accordingly, based on all the files, records, and proceedings herein, **IT IS**

3

**HEREBY RECOMMENDED** that Youssouph Sirleaf's petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] be **DISMISSED AS MOOT**.

Dated:  June 19, 2018

HILDY BOWBEER
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).